United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                  Case No. 15-14418-mdc
Dean Cottage                                                                            Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Antoinett    Page 1 of 1    Date Rcvd: Apr 27, 2017
                     Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 29, 2017.
db        +Dean Cottage,   301 Rutledge Court,   North Wales, PA 19454-1076

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 29, 2017                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 27, 2017 at the address(es) listed below:
      ALLAN K. MARSHALL   on behalf of Debtor Dean  Cottage akm6940@aol.com
      ANDREW F GORNALL   on behalf of Creditor   JPMorgan Chase Bank, National Association
       agornall@kmllawgroup.com,  bkgroup@kmllawgroup.com
      BRIAN CRAIG NICHOLAS   on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
       bnicholas@kmllawgroup.com,  bkgroup@kmllawgroup.com
      BRIAN CRAIG NICHOLAS   on behalf of Creditor   JPMorgan Chase Bank, National Association
       bnicholas@kmllawgroup.com,  bkgroup@kmllawgroup.com
      STEFAN  RICHTER   on behalf of   Montgomery Glen Association, Inc. srichter@clemonslaw.com
      THOMAS I. PULEO   on behalf of Creditor   JPMorgan Chase Bank, National Association
       tpuleo@kmllawgroup.com,  bkgroup@kmllawgroup.com
      United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER   ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                           TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dean Cottage <br>                Debtor <br><br> JPMorgan Chase Bank, National Association <br>                Movant <br> vs. <br><br> Dean Cottage <br>                Debtor <br><br> William C. Miller, Esq. <br>                Trustee | CHAPTER 13 <br><br><br> NO. 15-14418 MDC <br><br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is **$17,211.12**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2015 through August 2016 at $1,065.44  9588.96 |
| | September 2016 through March 2017 at $1,088.88 |
| **Total Post-Petition Arrears** | **$17,211.12** |

2. Debtor shall cure said arrearages in the following manner;

a). Within thirty (30) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include post-petition arrears in the amount of $17,211.12 along with pre-petition arrears.

b). Movant shall file an Amended Proof of Claim to include post-petition arrears in the amount of $17,211.12 along with pre-petition arrears.

c). Beginning April 1, 2017, Debtor shall pay the present regular monthly payment of **$1,088.88** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), at the address below;

JP Morgan Chase Bank, N.A., 3415 Vision Drive, OH4-7142, Columbus, OH 43219.

d). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 1, 2017    By: /s/ Brian C. Nicholas, Esquire
                           Brian C. Nicholas, Esquire
                           Attorney for Movant
                           KML Law Group, P.C.

Date: 3/6/17
                           Allan K. Marshall, Esquire
                           Attorney for Debtor      *without prejudice to any
                                                    trustee rights or remedies
Date: 4/12/17
                           William C. Miller, Esquire   no objection
                           Chapter 13 Trustee

Approved by the Court this 26th day of April, 2017. However, the court retains discretion regarding entry of any further order.

                           Magdeline D. Coleman
                           _____
                           Bankruptcy Judge
                           Magdeline D. Coleman